

Eugene C Pasquale
1720 Grace Avenue
San Jose, Ca. 95125
Telephone: 408.758.8501

Filed
AUG 3 0 2011
RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

Case No: CV11-04299 PSG

| | |
|---|---|
| EUGENE C PASQUALE, | ) |
| PLAINTIFF, | ) **COMPLAINT FOR ORDER TO** |
| | ) **COMPEL PRIVATE BINDING** |
| vs. | ) **ARBITRATION;** |
| | ) |
| CITIBANK (SOUTH DAKOTA), N.A., A | ) 9 United States Code § 4, et seq. |
| CORPORATION; HUNT & HENRIQUES, | ) **or IN THE ALTERNATIVE,** |
| A general partnership; MICHAEL SCOTT | ) **COMPLAINT** |
| HUNT, JANALIE ANN HENRIQUES, | ) **DEMAND FOR JURY TRIAL** |
| DONALD SHERRILL, individually and in | ) 15 United States Code § 1692 *et seq.* |
| their official capacity; | ) California Civil Code § 1788 *et seq.* |
| DEFENDANTS. | ) |

Plaintiff, EUGENE C PASQUALE (hereinafter "Plaintiff"), based on information and belief, except for those allegations which pertain to the named Plaintiff (which are alleged on personal knowledge), hereby makes the following allegations:

### I. INTRODUCTION

1. This is an action to compel JAMS private arbitration brought by an individual consumer for Defendants' failure to arbitrate per the Plaintiffs election of JAMS private arbitration contained in CITIBANK (SOUTH DAKOTA), N.A.'s cardmember agreement. The Defendants failure to arbitrate violates the Federal Arbitration Act, 9 U.S.C. § 4, et seq.

COMPLAINT TO COMPEL ARBITRATION - 1

(hereinafter "FAA"). The FAA and the United States Supreme Court's recent decision in AT&T Mobility LLC v. Concepcion, 131 S. Ct. 1740 (April 27, 2011) mandate that the parties' agreement to arbitrate be enforced and that Plaintiff's claims against Defendant be decided in private arbitration per Plaintiffs election.

2. In the alternative; this is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"); and the Rosenthal Fair Debt Collection Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices;

3. According to 15 U.S.C. § 1692:

    a. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

    b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

    c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

    d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. While many violations are described below with specificity, This Complaint alleges violations of the statutes in their entirety.

5. Unless otherwise stated, all the conduct engaged by Defendants took place in California.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Any and all violations alleged against Defendants Hunt & Henriques, Michael S. Hunt, Janalie A. Henriques, and Donald Sherrill are imputed to Defendant Citibank under the theory of vicarious liability, because the actions undertaken by Defendants, Hunt & Henriques, Michael S. Hunt, Janalie A. Henriques, and Donald Sherrill were an attempt to collect the alleged debt by an attorney's office on behalf of Defendant Citibank.[1]

///

///

///

---

[1] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

## II. JURISDICTION

8. Jurisdiction of this Court arises under 9 U.S.C. § 4, et seq., alternatively under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

9. This action arises out of Defendants' violations of the Federal Arbitration Act, 9 U.S.C. § 4, *et seq.* (FAA); Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"); and the Rosenthal Fair Debt Collection Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA").

## III. VENUE

10. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 9 U.S.C. § 4, et seq., alternatively 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV. INTRADISTRICT ASSIGNMENT

11. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

///

///

///

## V. PARTIES

12. Plaintiff, EUGENE C PASQUALE (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

13. Defendant, Citibank, Citigroup Inc., Citi Card, and unidentified entities A through Z inclusive (hereinafter "Citibank"), is a corporation duly organized and existing under the laws of the State of Delaware, having a principal place of business in the State of New York. Citibank is engaged in the business of regularly collecting or attempting to collect consumer debts alleged to be due, directly or indirectly, who use an instrumentality of interstate commerce or the U.S. Mail, telephone, internet, and civil debt collection lawsuits. Citibank is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). Citibank is vicariously liable to Plaintiff for the acts of Hunt & Henriques, Michael S. Hunt, Janalie A. Henriques and Donald Sherrill [2]

14. Defendant, Hunt & Henriques, (hereinafter "H&H") as agent and/or assign of Citibank, is or was at all revelent times, a general partnership engaged in the business of collecting debts in this state, having a principal place of business located in San Jose, CA. The general practice of Defendant is the collection of debts, who uses an instrumentality of interstate commerce or the U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant regularly attempts to collect debts alleged to be due another.

---

[2] See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F.Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

COMPLAINT TO COMPEL ARBITRATION - 5

H&H is a "debt collector" by its own admittance, acting as a debt collection law firm. "The FDCPA does apply to a lawyer . . . with a general practice including a minor but regular practice in debt collection" Crossley v. Lieberman, 90 B.R. 682, 694 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989). Hunt & Henriques engages in "debt collection" as FDCPA 15 U.S.C. 1692a(6) clearly defines their activities as such and this definition was affirmed by US Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395(1995). Rejects notion that there is an implicit exemption for litigation activities: ''The Act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.'' H&H is not subject to the exemption of 15 U.S.C. § 1692a(6)(D).

15. Michael S. Hunt, (herein after "Hunt") is a natural person and licensed attorney in the state of California. Hunt is or was an agent and/or assign of Citibank at all relevant times. Hunt is engaged in the business of collecting debts in this state. The general practice of Defendant is the collection of debts, who uses an instrumentality of interstate commerce or the U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant regularly attempts to collect debts alleged to be due another. Hunt is a "debt collector" by his own admittance. "The FDCPA does apply to a lawyer . . . with a general practice including a minor but regular practice in debt collection" Crossley v. Lieberman, 90 B.R. 682, 694 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989). Hunt engages in "debt collection" as FDCPA 15 U.S.C. 1692a(6) clearly defines their activities as such and this definition was affirmed by US Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395(1995). Rejects notion that there is an implicit exemption for litigation activities: ''The Act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.'' Hunt is not subject to the exemption of 15 U.S.C. § 1692a(6)(D).

16. Janalie A. Henriques, (herein after "Henriques") is a natural person and licensed attorney in the state of California. Henriques is or was an agent and/or assign of Citibank at all relevant times. Henriques is engaged in the business of collecting debts in this state. The general

practice of Defendant is the collection of debts, who uses an instrumentality of interstate commerce or the U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant regularly attempts to collect debts alleged to be due another. Henriques is a "debt collector" by her own admittance. "The FDCPA does apply to a lawyer . . . with a general practice including a minor but regular practice in debt collection" Crossley v. Lieberman, 90 B.R. 682, 694 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989). Henriques engages in "debt collection" as FDCPA 15 U.S.C. 1692a(6) clearly defines their activities as such and this definition was affirmed by US Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395(1995). Rejects notion that there is an implicit exemption for litigation activities: ''The Act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.'' Henriques is not subject to the exemption of 15 U.S.C. § 1692a(6)(D).

17. Donald Sherrill, (herein after "Sherrill") is a natural person and licensed attorney in the state of California. Sherrill is or was an agent and/or assign of Citibank at all relevant times. Hunt is engaged in the business of collecting debts in this state. The general practice of Defendant is the collection of debts, who uses an instrumentality of interstate commerce or the U.S. Mail, telephone, internet, and civil debt collection lawsuits. Defendant regularly attempts to collect debts alleged to be due another. Hunt is a "debt collector" by his own admittance. "The FDCPA does apply to a lawyer . . . with a general practice including a minor but regular practice in debt collection" Crossley v. Lieberman, 90 B.R. 682, 694 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989). Hunt engages in "debt collection" as FDCPA 15 U.S.C. 1692a(6) clearly defines their activities as such and this definition was affirmed by US Supreme Court in *Heintz v. Jenkins*, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395(1995). Rejects notion that there is an implicit exemption for litigation activities: ''The Act does apply to lawyers engaged in litigation. . . In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.'' Sherrill is not subject to the exemption of 15 U.S.C. § 1692a(6)(D).

18. At all times herein mentioned, each of the Defendants was an officer, director, agent, assign, servant, employee and/or joint venture of his/her co-Defendants, and each of them, and at all said times, each Defendant was acting in the full scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Claimant to refer to each Defendant, and all of them, named above.

## VI. FACTUAL ALLEGATIONS

19. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account issued by Citibank, and bearing the account number XXXX-XXXX-XXXX-7380 and XXXX-XXXX-XXXX-9910 (hereinafter "the debt"). The debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

20. The terms and conditions of the alleged debt are specified in the Citibank (South Dakota) N.A. Cardmember Agreement, hereinafter referred to as Agreement (attached hereto as Plaintiff's Exhibit "1").

21. The Agreement includes an Arbitration Provision.

22. The Arbitration Provision states; *"That either you or we may, without the other's consent, elect mandatory binding arbitration for any claim, dispute or controversy between you and us..."*

23. The exact language states: *"...ANY DISPUTE MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT,..."*.

24. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was sold, assigned, or otherwise transferred to Client Services, Inc.

25. Sometime thereafter, on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

26. Thereafter, Defendants sent a collection letter to Plaintiff which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27. A true and accurate copy of the collection letters from Defendants to Plaintiff is attached hereto, marked (Exhibit "2"), and by this reference is incorporated herein.

28. The collection letters (Exhibit "2") are dated June 18, 2010 and July 16, 2010.

29. The Plaintiff is informed and believes the collection letters (Exhibit "2") were the first written communication from Defendants to Plaintiff in connection with the collection of the debt.

30. With regard to Account 7380, the Plaintiff sent certified mail #7009 3410 0000 6909 5072 and certified mail #7009 3410 0000 6909 5133 to H&H on July 8, 2010 and August 4, 2010, respectively (Exhibit "3"), which were received and signed for by H&H on July 9, 2010 and August 5, 2010, respectively (Exhibit "4"), in which the Plaintiff demanded validation, to cease telephone communications and that the Plaintiff elected arbitration per the Citibank cardmember agreement to settle disagreements regarding the alleged debt.

31. With regard to 9910, the Plaintiff sent certified mail #7009 3410 0000 6909 5140 to H&H on August 5, 2010 (Exhibit "5"), which was received and signed for by H&H on August 6, 2010, (Exhibit "6") in which the Plaintiff demanded validation, to cease telephone communications and that the Plaintiff elected arbitration per the Citibank cardmember agreement to settle disagreements regarding the alleged debt.

31. Plaintiffs letters for both accounts stated *"if there is an underlying arbitration clause associated with this claim, I hereby exercise it"*

32. On August 16, 2011, H&H, Hunt and Henriques filed a lawsuit against Plaintiff for account 7380 in the Superior Court of Santa Clara County, captioned *Citibank (South Dakota) N. A. vs. Eugene C Pasquale,* and assigned Case No. 110CV180340, attached hereto, marked as Plaintiff's (Exhibit "7") (hereinafter "the state court action"), in an attempt to collect the alleged debt.

33. Plaintiff is informed and believes Defendants had constructive notice of Plaintiff's arbitration election prior to filing the lawsuit on August 16, 2010. By pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendants violated 15 U.S.C. § 1692f.

34. On September 28, 2010, Plaintiff mailed a "Demand for Arbitration Before JAMS" against Citibank to H&H and JAMS which included Plaintiffs "Declaration in Support of Application for Waiver of Fees" (Exhibit "8") which states;

*In Consumer arbitrations, consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the Defendant must pay 100% of the fees.*

35. On September 29, 2010, Plaintiff filed an answer to Defendants state court action which included an affirmative defense that stated; *"The court lacks jurisdiction because the contractual agreement to arbitrate all matters through mandatory binding arbitration has been elected by Defendant."*

36. On September 29, 2010, Plaintiff filed a motion to compel private arbitration.

37. On October 1, 2010, JAMS mailed letters to H&H indicating the acceptance of the case. (Exhibit "9")

38. On October 7, 2010, JAMS mailed a Notice of Intent to Initiate Arbitration #1110013280 letter to H&H. (Exhibit "10")

39. On October 11, 2010, Defendant filed an opposition to Plaintiffs motion. Defendants filing of that opposition violated the FAA, the RFDCPA and the FDCPA.

40. The Plaintiff is informed and believes that JAMS's letters dated October 1, 2010 and October 7, 2010 were in the possession of H&H when Sherrill wrote the opposition.

41. In this opposition, Sherrill states; *"Plaintiff would not object to arbitration under the terms of the agreement were defendant to have taken the necessary steps to initiate arbitration. Defendant failed to do so..." "If defendant truly wanted arbitration, all defendant had to do was file a proper arbitration claim."* (Exhibit "11")

42. Sherrill later stated in this opposition that; *"Indeed, plaintiff would not object to arbitration, and all defendant has to do is initiate arbitration per the agreement. Since defendant has not chosen to arbitrate under the terms of the agreement... ... If defendant wishes to submit the matter to arbitration and submits the claim and the filing fee, plaintiff would not oppose such request."* (Exhibit "11")

43. The Plaintiff is informed and believes that Sherrill knew or should have known that his statements were false. The Defendant was already notified that the Plaintiff had initiated the arbitration on September 28, 2010. H&H was notified 3 different times by Plaintiff and again by JAMS on October 1, 2010 and October 7, 2010. Defendant violated the RFDCPA and the FDCPA by providing false information.

44. On October 18, 2010, December 14, 2010, February 17, 2011 and March 17, 2011 JAMS served H&H notice of missing fees. Citibank failed to pay their portion (100%) of the 800.00 case management fee. Citibank violated the FAA by refusing to pay.

45. On April 25, 2011 JAMS closed the case for lack of payment of the case management fee that Citibank failed to pay causing Plaintiff to seek help from this court.

46. H&H placed several debt collections telephone calls to Plaintiff on both accounts after being advised by Plaintiff that it was inconvenient for Plaintiff to receive phone calls at Plaintiff's place of employment or at Plaintiff's home. (Exhibit "12")

47. On August 5, 2011, Plaintiff mailed a "Demand for Arbitration Before JAMS" against H&H to H&H and JAMS which included Plaintiffs "Declaration in Support of Application for Waiver of Fees" (Exhibit "13") which states;

> *In Consumer arbitrations, consumers (as defined above) with a gross monthly income of less than 300% of the federal poverty guidelines are entitled to a waiver of the arbitration fees. In those cases, the Defendant must pay 100% of the fees.*

48. On August 25, 2011, JAMS case manager stated; "*We are in receipt of your demand for arbitration. It is being reviewed and a file will be opened shortly.*"

## VII. CLAIMS

**DEFENDANT CITIBANK VIOLATED THE FEDERAL ARBITRATION ACT
COUNT 1**

49. Plaintiff brings this first claim for relief against CITIBANK under the FAA.

50. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Defendants violated 9 U.S.C. § 4, et seq. by refusing to on arbitrate, on several different occasions, per the Citibank cardmember agreement.

**WHEREFORE,** Plaintiff, EUGENE C PASQUALE, respectfully requests judgment be entered against Defendant CITIBANK, for the following:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant violated the Federal Arbitration Act;

c. Compel Defendant to arbitrate in JAMS.

d. Award Plaintiff the costs of this action and reasonable attorney's fees;

e. Award Plaintiff such other and further relief as may be just and proper.

**DEFENDANTS H&H, HUNT, HENRIQUES AND SHERRILL VIOLATED THE FEDERAL ARBITRATION ACT**
**COUNT 2**

52. Plaintiff brings this second claim for relief against DEFENDANTS H&H, HUNT, HENRIQUES AND SHERRILL under the FAA.

53. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

54. Defendants violated 9 U.S.C. § 4, et seq. by refusing to on arbitrate, on several different occasions, per the Citibank cardmember agreement.

**WHEREFORE,** Plaintiff, EUGENE C PASQUALE, respectfully requests judgment be entered against Defendants H&H, HUNT, HENRIQUES AND SHERRILL, for the following:

a. Assume jurisdiction in this proceeding;

b. Declare that Defendant(s) violated the Federal Arbitration Act;

c. Compel Defendant to arbitrate in JAMS.

d. Award Plaintiff the costs of this action and reasonable attorney's fees;

e. Award Plaintiff such other and further relief as may be just and proper.

///

///

**DEFENDANT(S) VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**
**COUNT 3** in the alternative

55. Plaintiff brings this third claim for relief, in the alternative, against all Defendants under the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

56. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

57. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 USC §1692a(3).

58. Defendant, H&H, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

59. Defendant, HUNT, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

60. Defendant, HENRIQUES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

61. Defendant, SHERRILL, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

62. The financial obligation alleged to be originally owed to Citibank by Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

63. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

　　a. By repeatedly pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendants are, in violation of 15 U.S.C. §§ 1692d, 1692e and 1692f;

　　b. By pursuing litigation efforts against Plaintiff after Plaintiff's request for validation and before defendant provided validation, Defendant are, in violation of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g(B);

COMPLAINT TO COMPEL ARBITRATION - 14

c. Defendant called Plaintiff after receiving notice that such calls were inconvenient in violation of §1692a(1);

d. Defendant violated §1692c(c) of the FDCPA by contacting Plaintiff after he sent a cease and desist letter;

e. By making the abovementioned calls, Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

f. Defendant SHERRILL misrepresented facts in his pleading opposing Plaintiffs Motion to Compel Arbitration in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2), and 1692f;

64. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

65. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

### DEFENDANT(S) VIOLATED
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### COUNT 4 in the alternative

66. Plaintiff brings the fourth claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

67. Plaintiff repeats, realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

68. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

69. Defendant, H&H, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

70. Defendant, HUNT, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

71. Defendant, HENRIQUES, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

72. Defendant, SHERRILL, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

73. The financial obligation alleged to be originally owed to Citibank by Plaintiff is a "debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

74. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

    a. By repeatedly pursuing litigation efforts against Plaintiff after Plaintiff's arbitration election, Defendants are, in violation of Cal. Civil Code §1788.17 [3]

    b. By pursuing litigation efforts against Plaintiff after Plaintiff's request for validation and before defendant provided validation, Defendant are, in violation of Cal. Civil Code §1788.17 [4]

    c. Defendant called Plaintiff after receiving notice that such calls were inconvenient in violation of Cal. Civil Code §1788.17 [5]

///

---

[3] 15 U.S.C. §§ 1692d, 1692e, and 1692f
[4] 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g(B)
[5] 15 U.S.C. § 1692a(1)

     d. Defendant violated Cal. Civil Code §1788.17 [6] by contacting Plaintiff after he sent a cease and desist letter;

     e. By making the abovementioned calls, Defendant violated Cal. Civil Code §1788.17 [7] by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt;

     f. Defendant SHERRILL misrepresented facts in his pleading opposing Plaintiffs Motion to Compel Arbitration in violation of Cal. Civil Code §1788.17 [8];

75. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

76. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

77. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages pursuant to Cal. Civil Code § 1788.17. [9]

///

///

///

---

[6] 15 U.S.C. §1692c(c)
[7] 15 U.S.C. §1692d
[8] 15 U.S.C. §§ 1692d, 1692e, 1692e(2), and 1692f
[9] 15 U.S.C. § 1692k(a)(2)(A).

78. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17. [10]

79. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that Plaintiff may have under any other provision of law.

## VIII. REQUEST FOR RELIEF

Plaintiff requests that this Court:

    a. Assume jurisdiction in this proceeding;

    b. Declare that all Defendants violated the Federal Arbitration Act;

    c. Compel Defendants to arbitrate in JAMS per Plaintiffs previous initiations.

    d. Award Plaintiff the costs of this action plus reasonable attorney's fees;

    e. Award Plaintiff such other and further relief as may be just and proper.

If this Court does not compel some of the Defendants to arbitrate in JAMS, then in the alternative, Plaintiff requests that this court:

    f. Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692a(1),1692c(c),1692d, 1692e, 1692e(2), 1692f, and 1692g(B);

    g. Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17;[10]

    h. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

---

[10] 15 U.S.C. § 1692k(a)(2)(A).

i. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 pursuant to Cal. Civil Code § 1788.30(b);

j. Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to Cal. Civil Code § 1788.17;[11]

k. Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

l. Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17 [12] and 1788.30(c); and

m. Award Plaintiff such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, EUGENE C. PASQUALE, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Respectfully submitted,

*Eugene C. Pasquale*
Eugene C. Pasquale
Plaintiff Pro Se
1720 Grace Ave.,
San Jose, CA 95125
408 758-8501

---

[11] 15 U.S.C. § 1692k(a)(2)(A).
[12] 15 U.S.C. § 1692k(a)(3).

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, EUGENE PASQUALE, states as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, EUGENE PASQUALE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 5-29-2011          _____
                          EUGENE PASQUALE