TOMIO B. NARITA (SBN 156576)
tnarita@snllp.com
JEFFREY A. TOPOR (SBN 195545)
jtopor@snllp.com
R. TRAVIS CAMPBELL (SBN 271580)
tcampbell@snllp.com
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:  (415) 352-2625

Attorneys for Defendants,
Citibank, N.A., successor in interest to
Citibank (South Dakota), N.A.,
Hunt & Henriques, Michael Scott Hunt,
Janalie Ann Henriques and Donald
Sherrill

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUGENE C. PASQUALE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CITIBANK (SOUTH DAKOTA), N.A., A COPORATION; HUNT & HENRIQUES, A general partnership; MICHAEL SCOTT HUNT, JANALIE ANN HENRIQUES, DONALD SHERRILL, individually and in their official capacity,<br><br>　　　　Defendants.<br>_____ | CASE NO.: CV11-04299-PSG<br><br>**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT BY DEFENDANTS; MEMORANDUM IN SUPPORT**<br><br>Date:　　　November 1, 2011<br>Time:　　　10:00 a.m.<br>Location:　Courtroom 5 (4th Floor)<br><br>The Honorable Paul S. Grewal |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE that on Tuesday, November 1, 2011, at 10:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 5 of the above captioned Court, before the Honorable Paul S. Grewal, located at San Jose Courthouse, 280 South First Street, San Jose, California, defendants Citibank, N.A., successor in interest to Citibank (South Dakota), N.A. ("Citibank"), Hunt & Henriques ("H&H"), Michael S. Hunt ("Hunt"), Janalie A. Henriques ("Henriques") and Donald Sherrill ("Sherrill") (collectively "Defendants") will and hereby do move this Court for an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting summary judgment in their favor.

This motion is made on the grounds that the complaint in this action filed by plaintiff Eugene C. Pasquale ("Pasquale"), seeking to compel arbitration of his claims, is moot because: 1) Defendants have consented to arbitrate under the terms of the card agreement attached to his complaint, and 2) Defendants have initiated a JAMS arbitration proceeding as to all of Pasquale's claims.  Thus, given that plaintiff seeks an Order compelling arbitration before JAMS and Defendants have effectively consented to his request, the complaint is moot and Pasquale lacks standing to proceed in this action.

This motion is based on this Notice of Motion and Motion, the Memorandum in Support, the Declaration of Donald Sherrill, the Declaration of Jeffrey A. Topor, all of the records on file in this action, and upon such other and further evidence and argument that the Court may permit at the hearing in this matter.

Dated:  September 23, 2011         SIMMONDS & NARITA LLP

                                   By: s/R. Travis Campbell
                                       R. Travis Campbell
                                       Attorneys for Defendants
                                       Citibank, N.A., successor in interest to
                                       Citibank (South Dakota), N.A.,
                                       Hunt & Henriques, Michael Scott Hunt,
                                       Janalie Ann Henriques and Donald
                                       Sherrill

# MEMORANDUM IN SUPPORT

## I. INTRODUCTION

This case involves the Plaintiff's efforts to compel arbitration with JAMS for claims relating to his delinquent Citibank credit card accounts even though JAMS is not a permissible arbitration forum under the card agreement governing the accounts. Plaintiff's complaint, however, is moot because Defendants have consented to arbitrate his claims before JAMS, and have already initiated the arbitration proceedings. There is no case or controversy for the Court to adjudicate, and Plaintiff therefore lacks standing to proceed with this action.

Plaintiff's "complaint" is actually a petition to compel Defendants to arbitrate the accounts before JAMS. Despite the fact that JAMS is not a permissible arbitration forum under the terms of the effective card agreements, Defendants have consented to proceed before JAMS and have commenced the necessary arbitration proceedings. Because arbitration has been initiated between all parties, Plaintiff's complaint is moot, as there is nothing left for the Court to adjudicate. The Court should grant summary judgment in Defendants' favor and allow the parties to continue with their pending arbitration.

## II. STATEMENT OF FACTS

### A. State Court Collection Litigation

On or about June 16, 2010, after Pasquale stopped paying his credit card bills, Citibank referred Pasquale's delinquent Citibank credit card accounts with the last four digits 7380 ("7380 Account") and 9910 ("9910 Account") (collectively "Accounts") to the Hunt & Henriques law firm for collection. *See* Declaration of Donald Sherrill in Support of Defendants' Motion for Summary Judgment ("Sherrill Decl."), ¶ 2.

On August 16, 2010, H&H filed suit on behalf of Citibank against Pasquale in state court to collect the unpaid balance on the 7380 Account ("the state court action"). *See id.*, ¶ 3, Ex. A. In response, Pasquale moved to compel arbitration. *See id.*, ¶ 4. In support of the motion, Pasquale attached a copy of a Citibank card agreement that he claimed governed the Accounts and allowed for arbitration before JAMS (the "JAMS Agreement"). *See id.*, ¶ 4, Ex. B. The JAMS Agreement provides that either party can elect to have any claims relating to accounts that it covers proceed in mandatory binding arbitration before JAMS. *See id.*; Complaint, ¶ 20, Ex. 1 & ¶¶ 35-36; Sherrill Decl., ¶ 4, Ex. B. In fact, however, the Accounts were governed by different agreements, which provided that arbitration could be initiated only before the AAA or the NAF; JAMS was <u>not</u> a proper forum under the terms of the card agreement that actually governed the Accounts. *See* Sherrill Decl., ¶ 7, Ex. E.

H&H opposed Pasquale's motion to compel arbitration, stating that it would not object to arbitration, but that it believed Pasquale had failed to properly initiate the arbitration process. *See* Sherrill Decl., ¶ 5, Ex. C. The motion to compel arbitration of the state court action was denied. *See id.*, ¶ 6, Ex. D.

### B.  Defendants Consent To Arbitrate All Claims Before JAMS

On August 30, 2011, Pasquale filed this Complaint against Defendants seeking an order compelling arbitration of the Accounts before JAMS or, in the alternative, for alleged violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq.* ("Rosenthal Act") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). *See* Complaint, ¶¶ 1-2.

Although the governing card agreements do not permit arbitration before JAMS, Defendants have now consented to arbitrate all of Pasquale's claims before JAMS. *See* Declaration of Jeffrey A. Topor in Support of Defendants' Motion for Summary Judgment ("Topor Decl."), ¶ 2, Ex. A. Accordingly, Defendants have asked JAMS

to re-open the arbitration proceedings for the purpose of resolving Citibank's dispute with Pasquale, as well has his dispute with Citibank and H&H regarding the Accounts.[1]  *See id.*, ¶ 2, Ex. A.  Defendants have paid the entire case management fees for both disputes and have been advised by JAMS that an arbitration proceeding will be commenced between all parties.  *See id.* ¶ 3, Ex. B & ¶4, Ex. C.

### III.  ARGUMENT

#### A.  Standards Governing Motions For Summary Judgment

Summary judgment "shall" be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). As the moving parties, Defendants may discharge their burden by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *accord Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (quoting *Celotex*).

To survive this motion for summary judgment, Pasquale "must present competent evidence that creates a genuine issue of material fact." *See Federal Election Comm'n v. Toledano*, 317 F.3d 939, 950 (9th Cir. 2002). The materiality of a fact is determined by the underlying substantive law. *See State of Calif., on Behalf of Calif. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 782 (9th Cir. 1998). "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (affirming summary judgment on FDCPA claims).

---

[1] Pasquale has submitted to JAMS separate demands for arbitration against Citibank and H&H regarding their efforts to collect the Accounts.  *See* Topor Decl., ¶ 2, Ex. A.

- 4 -
PASQUALE V. CITIBANK, N.A. ET AL. (CASE NO. CV11-04299-PSG)
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; MEMO IN SUPPORT

### B. The Court Lacks Subject Matter Jurisdiction Because Defendants Have Agreed To Arbitrate Pasquale's Claims Before JAMS, And Thus There Is No Case Or Controversy To Adjudicate

Summary judgment should be entered for Defendants, because they have consented to arbitrate Pasquale's claims under the terms of the JAMS Agreement, and have therefore effectively consented to Pasquale's petition to compel arbitration. This matter can now proceed before JAMS, and there is no controversy for the Court to adjudicate.

Pasquale's "complaint" is actually a petition to compel arbitration. *See* Complaint, pg. 1 (the title states "Complaint For Order To Compel Private Binding Arbitration or In the Alternative, Complaint."). The first sentence of the complaint makes clear that "[t]his is an action to compel JAMS private arbitration . . . ." *See id.*, ¶ 1. All claims for alleged violations of the FDCPA or the Rosenthal Act are pled strictly "[i]n the alternative" to the petition to compel arbitration. *See id.,* ¶ 2. Thus, the Court should treat Pasquale's "complaint" as a motion to compel arbitration. *See Insurance Newsnet.com, Inc. v. Pardine*, 2011 WL 3423081, *2, fn. 3 (M.D. P.A. Aug. 4, 2011) (treating complaint seeking to compel arbitration as petition to compel arbitration).

As the JAMS arbitration has been re-opened, depriving this Court of a case or controversy to adjudicate, Defendants are entitled to summary judgment. Federal courts are courts of limited jurisdiction. "Article III of the United States Constitution limits the judicial authority of the federal courts to 'Cases' and 'Controversies.' U.S. Const. art. III, § 2. Because of this constitutional limitation on judicial power, a federal court lacks subject matter jurisdiction over an action unless it presents an actual case or controversy." *Murphy v. Equifax Check Servs., Inc.*, 35 F. Supp. 2d 200, 201 (D. Conn. 1999); *see generally Jacobs v. Clark County Sch. Dist.*, 526 F.3d 419, 425 (9th Cir. 2008); *Church of Scientology of Haw. v. United States*, 485 F.2d

313, 314 & n.2 (9th Cir. 1973). The "case-or-controversy requirement" exists from start-to-finish, "throughout the entire litigation." *Murphy*, 35 F. Supp. 2d at 202.

Defendants have agreed to arbitrate all of Pasquale's claims under the terms of the JAMS agreement.[2] Further, JAMS has accepted Defendants' application to arbitrate Pasquale's claims. *See* Topor Decl., ¶3, Ex. B. Pasquale's complaint is moot, as there is nothing left for the Court to adjudicate. Summary judgment is proper.

## IV. CONCLUSION

Defendants have consented to arbitrate Pasquale's claims pursuant to the terms of the JAMS Agreement, and have re-opened the arbitration proceedings. Pasquale's petition to compel arbitration is moot. Defendants respectfully request that the Court enter an Order granting summary judgment for Defendants on all claims.

Dated:  September 23, 2011               SIMMONDS & NARITA, LLP
                                         TOMIO B. NARITA
                                         JEFFREY A. TOPOR
                                         R. TRAVIS CAMPBELL


                                         By: s/R. Travis Campbell
                                             R. Travis Campbell
                                             Attorneys for Defendants
                                             Citibank, N.A., successor in
                                             interest to Citibank (South
                                             Dakota), N.A., Hunt &
                                             Henriques, Michael Scott Hunt,
                                             Janalie Anne Henriques and
                                             Donald Sherrill

---

[2] The JAMS Agreement covers "[c]laims made by or against anyone connected with [Citibank]." *See* Complaint, ¶ 20, Ex. 1. As a result, claims between Pasquale and all Defendants – including Citibank's attorneys -- may be arbitrated pursuant to the JAMS Agreement.