UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EUGENE C. PASQUALE,<br><br>   Plaintiff,<br>  v.<br><br>CITIBANK (SOUTH DAKOTA), N.A., a CORPORATION; HUNT & HENRIQUES, a general partnership; MICHAEL SCOTT HUNT, JANALIE ANN HENRIQUES, DONALD SHERRILL, individually and in their official capacity,<br><br>   Defendants. | Case No.: C 11-4299 PSG<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 16)** |

On August 30, 2011, Plaintiff Euguene Pasquale ("Pasquale") filed a complaint for an order to compel arbitration with Defendants Citibank (South Dakota), Hunt & Henriques, Michael Hunt, Janalie Henriques, and Donald Sherrill ("Defendants"). Before the court is Defendants' motion for summary judgment. Defendants argue that this action is moot because they have initiated the private arbitration process sought by Pasquale. Pasquale opposes the motion for summary judgment. On November 8, 2011, the parties appeared for oral argument. For the reasons set forth herein, the court GRANTS Defendants' motion for summary judgment.

**I. BACKGROUND**

Pasquale frames this lawsuit in the alternative – first as an action to compel JAMS private arbitration, and second, as an action for damages under the Fair Debt Collection Practices Act, 15

1
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Act, Cal. Civ. Code § 1788 et seq. ("RFDCA").[1] Pasquale is alleged to have incurred a financial obligation, within the meaning of "debt" as defined by 15 U.S.C. § 1692a(5) and "consumer debt" as defined by Cal. Civ. Code § 1788.2(f), in two Citibank (South Dakota) N.A. ("Citibank") consumer credit accounts.[2] According to Pasquale, the terms and conditions of the debt are governed by the Citibank Cardmember Agreement ("the Agreement") attached to the Complaint.[3] The Agreement provides that either the cardholder or Citibank, "without the other's consent, may elect mandatory, binding arbitration" for any claim or dispute between the cardholder and Citibank.[4] The Agreement identifies two resources for arbitration under the Agreement: the American Arbitration Association and JAMS.[5] Defendants disagree that the Agreement relied on by Pasquale was the operative cardmember agreement governing the accounts at issue.[6]

At some point after Pasquale allegedly accrued debt on the accounts, Citibank referred the accounts to the Hunt & Henriques law firm ("the firm") for collection. In June 2010, Pasquale received collection letters from the firm regarding both accounts.[7] On July 8, 2010, Pasquale responded to the first collection solicitation, seeking validation of the debts, demanding Defendants to cease telephone communications, and exercising his right to demand arbitration under the

---

[1] *See* Docket No. 1 ¶¶ 1, 2 (Compl.).

[2] *See id.* ¶ 19.

[3] *See id.* ¶ 20.

[4] *See id.*, Ex. 1 at 3.

[5] *See id.*, Ex. 1 at 4.

[6] Defendants argue that the actual Cardmember agreement governing Pasquale's account only provides for arbitration before the AAA or National Arbitration Forum, not before JAMS. *See* Docket No. 16 at 2, 3 (Defs.'s Mot. For Summary Judgment); Docket No. 16-1 ¶ 7 (Sherill Decl.).

[7] Docket No. 1 ¶¶ 26-29; Docket No. 1, Ex. 2.

2
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Agreement. Pasquale sent additional letters on August 4 and August 5, 2010.[8] On August 16, 2010, the firm filed suit on behalf of Citibank against Pasquale in Santa Clara County Superior Court.[9] In response, Pasquale filed a motion to compel private arbitration in the state court. He also initiated a demand for arbitration before JAMS.[10] Defendants opposed Pasquale's motion, stating that they did not object to arbitration but that Pasquale had failed to properly initiate the arbitration process.[11] On November 2, 2010, the state court denied Pasquale's motion.[12]

The JAMS arbitration initiated by Pasquale did not proceed at that time. On August 30, 2011, as described above, Pasquale filed a complaint in this court to compel arbitration, or in the alternative, for damages under federal and state consumer protection laws. On September 15, 2011, Defendants' law firm in this action entered into contact with JAMS seeking to reopen the arbitration proceedings before JAMS, stating that they are willing to apply Pasquale's version of the Agreement to the dispute, and acknowledging responsibility to pay the case-management fees for reopening the cases.[13] Defendants paid JAMS the required fees and received correspondence from JAMS indicating commencement of the arbitration and the need to begin the arbitrator selection process.[14]

Because Defendants have agreed to proceed with private arbitration before JAMS and have been advised by JAMS that an arbitration proceeding has commenced between all parties,

---

[8] *See* Docket No. 1 ¶¶ 30, 31; Exs. 3-6.

[9] Docket No. 16-1 ¶ 3, Ex. A.

[10] *See* Docket No. 1 ¶ 34; Docket No. 20 ¶ 9 (Pasquale Decl.), Ex. D.

[11] *See id.* ¶¶ 4, 5.

[12] *See* Docket No. 16-1 ¶ 6, Ex. D. It appears that the state court did not issue a written ruling, and this court is not aware of the basis for the denial.

[13] *See* Docket No. 16-2 ¶ 2 (Topor Decl.), Ex. A.

[14] *See id.* ¶¶ 3, 4, Exs. B, C.

3
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants argue that there is no longer any controversy for the court to adjudicate. Pasquale disputes that summary judgment is appropriate at this time based on existing questions of material fact and the danger that Defendants' voluntary consent to proceed with arbitration is not binding and may allow them to back out after disposition of this case on summary judgment.

## II. LEGAL STANDARD

Summary judgment is proper if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15] The moving party bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a triable issue of material fact.[16] If the moving party meets its initial burden, then the non-moving party must set forth specific facts showing that there is a genuine issue for trial.[17] A genuine issue for trial exists if there is sufficient evidence for a reasonable jury, viewing the evidence in the light most favorable to the non-moving party, to return a verdict for the nonmoving party.[18] If the nonmoving party fails to make the requisite showing, "the moving party is entitled to judgment as a matter of law."[19]

## III. DISCUSSION

The sole issue before the court is whether Defendants have demonstrated the absence of any triable issue of material fact, and if so, whether Pasquale has met his burden to counter that showing. Defendants offer an attorney affidavit and evidence of correspondence with JAMS as proof of their recent commitment to proceed with arbitration before JAMS on all matters arising

---

[15] Fed. R. Civ. P. 56(a).

[16] *See* Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[17] Fed. R. Civ. P. 56(e).

[18] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[19] *Celotex*, 477 U.S. at 323.

4
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

from the dispute over Pasquale's accounts with Citibank.[20] Defendants equate their consent to proceed with arbitration as the equivalent of consenting to Pasquale's petition in his complaint. Because Pasquale's claims under the FDCPA and RFDCA are plead "strictly in the alternative," Defendants contend that their consent to arbitrate before JAMS disposes of any case or controversy before the court. The end result, Defendants argue, is that the court lacks subject matter jurisdiction and has no basis to maintain the action.

Pasquale responds that disposition on summary judgment would "open the door to further delay tactics by defendants in actually engaging in the arbitration process" and would leave Pasquale without a remedy to compel the process. Pasquale cites Defendants' previous election to sue in state court rather than respond to Pasquale's letter demand for arbitration, as well as Defendants' rejection of Pasquale's initial attempt at arbitration during the state court lawsuit, to underscore Pasquale's concern that Defendants' tardy consent to arbitrate is insufficient to ensure that they will proceed in accordance with their representations. In addition, Pasquale argues that the dispute over the applicable cardmember agreement – and whether JAMS is an appropriate arbitration forum given that dispute – creates a material issue of fact at summary judgment. Pasquale contends that Defendants might attempt to use disposition on summary judgment as collateral estoppel for an "inherent factual finding" that the Agreement is not operative for the purpose of arbitration.

Pasquale's concerns are not unfounded, in light of the difficulties that he has encountered securing Defendants' consent to arbitrate. But in opposition to the motion for summary judgment, Pasquale offers only speculation as to Defendants' insincerity in proceeding with JAMS at this time. The court is not persuaded that Defendants' earlier repudiation of Pasquale's attempts to initiate arbitration undermines evidence of Defendants' more recent actions. Pasquale has not met

---

[20] *See, e.g.,* Docket No. 16-2 ¶¶ 2-4, Ex. A-C.

5
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

his burden to demonstrate a genuine issue regarding Defendants' commitment to proceed with the arbitration that is – at this stage – well underway.

Likewise, Defendants' consent to proceed under the Agreement referenced by Pasquale in his complaint renders moot the disagreement regarding which cardholder agreement governed Pasquale's accounts. The court need not reach that dispute, and makes no determination on the merits, regarding the operative agreement that should dictate the selection of a forum for arbitration. Pasquale seeks relief from this court in the form of an order compelling Defendants to arbitrate before JAMS per Pasquale's previous initiations, as well as a declaration that Defendants violated the FAA and an award of costs and reasonable attorney's fees.[21] Because Defendants are already in arbitration before JAMS per Pasquale's previous initiation, there is no active case or controversy for the court to adjudicate. The court is thus without subject matter jurisdiction to adjudicate Pasquale's claims.[22]

Should Defendants delay or terminate the arbitration prematurely, Pasquale is not without recourse. The FAA provides that "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" the court in a civil action "for an order directing that such arbitration proceed."[23] The undersigned makes no determination on the merits of Pasquale's petition to compel summary judgment or on Defendants'

---

[21] *See* Docket No. 1, Sec. VII ("Request for Relief").

[22] The court will not construe Pasquale's request for declaratory relief regarding the FAA as a claim independent of his petition to compel arbitration. Although the court may issue a declaratory judgment even where another remedy is available, such a determination is within the discretion of the court. *See* 28 U.S. C. § 2201(a) ("In a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."). Moreover, courts generally deny declaratory relief if another remedy is found to be more appropriate. *See Smith v. Metropolitan Property & Liab. Ins. Co.*, 629 F.2d 757, 759 (2nd Cir. 1980); *Roark v. South Iron R-1 School District*, 573 F.3d 556, 559 (8th Cir. 2009) (vacating as "superfluous" a declaratory judgment by the court where the permanent injunction also issued was the "operative remedy").

[23] *See* 9 U.S.C. § 4.

6
Case No.: 11-4299 PSG
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

arguments regarding which cardmember agreement should apply. By granting summary judgment in favor of Defendants, the court finds only that it lacks subject matter jurisdiction to adjudicate Pasquale's claims at this time, based on the fact that the relief sought – private arbitration with Defendants before JAMS – has already been obtained.

## IV. CONCLUSION

Pasquale's petition to compel arbitration has been rendered moot by the successful initiation of private arbitration before JAMS. The court therefore GRANTS summary judgment in favor of Defendants on all claims.

Dated: November 16, 2011

*Paul S. Grewal*
PAUL S. GREWAL
United States Magistrate Judge